UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
Compañía Sud Americana de Vapores S.A.
and CSAV Agency North America,

                Plaintiffs,

                -against-

Global Terminal & Container Services, LLC,

                Defendant.
---------------------------------------------------------X

09 Civ. 7890 (PAC)

COMPLAINT

PLEASE TAKE NOTICE that Plaintiffs, Compañía Sud Americana de Vapores S.A. and CSAV Agency North America (hereinafter "CSAV" or "Plaintiff"), by their attorneys MAHONEY & KEANE LLP, as and for a Complaint against Defendant Global Terminal & Container Services, LLC (hereinafter "GLOBAL" or "Defendant"), allege, upon information and belief, as follows:

1. This is a case of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based upon 28 U.S.C. § 1333.

2. The parties submit to the jurisdiction of this Court by function of the forum selection clause of the relevant Agreement.

3. Plaintiff Compañía Sud Americana de Vapores S.A. is a legal entity duly organized and existing pursuant to the laws of a foreign country.

4. Plaintiff CSAV Agency North America is a legal entity duly organized and existing pursuant to the laws of the State of New Jersey, with a place of business located at 99 Wood Avenue South, 9th Floor, Iselin, New Jersey 08830.

5. Defendant GLOBAL is a legal entity duly organized and existing pursuant to the laws of one of the United States, with a place of business located at 302 Port Jersey Boulevard, Jersey City, New Jersey 07305.

6. The MV RIO PUELO is an oceangoing vessel engaged in the business of carriage of goods by sea.

7. Plaintiffs were the disponent owners and operators of the MV RIO PUELO.

8. At all relevant times, Plaintiffs and Defendant entered into a Service Agreement ("Agreement") whereby, in consideration for remuneration by Plaintiffs, Defendant would provide stevedoring and other services for Plaintiffs' vessels at marine terminal facilities in the Port of New York/New Jersey.

9. At all relevant times and under the terms of the referenced Agreement, Defendant agreed to indemnify Plaintiffs for any and all losses, expenses, damages and claims by any person in connection with or arising out of any injury to persons, or damage to any property, vessel, cargo, equipment, etc., as the result of Defendant's breach of the agreement, negligence, fault and/or willful misconduct.

10. At all relevant times, Defendant represented and warranted that it would carry out its duties under the Agreement in a competent and workmanlike manner.

11. On or about July 2, 2008, while performing discharge operations in Port Elizabeth, NJ, Defendant, its agents, employees and/or servants, improperly, carelessly, wrongfully, negligently, tortiously, willfully and in breach of the Agreement between the parties as well as any explicit or implied warranty contained therein and at law, caused serious damage to the MV RIO PUELO, its structures, components and appurtenances.

12. As a result of Defendant's aforesaid breach of the Agreement, negeligence, fault, willful misconduct, etc., the MV RIO PUELO was declared unseaworthy and was prevented from sailing at its scheduled time.

13. As a result of Defendant's aforesaid breach of the Agreement, negeligence, fault, willful misconduct, etc. the MV RIO PUELO and Plaintiffs continued to incur hire charges.

14. As a result of Defendant's aforesaid breach of the Agreement, negeligence, fault, willful misconduct, etc. the MV RIO PUELO and Plaintiffs continued to incur charges for fuel consumed during repairs to the Vessel.

15. As a result of Defendant's aforesaid breach of the Areement, negeligence, fault, willful misconduct, etc., Plaintiffs have suffered and will continue to suffer losses, expenses and damages which are the responsibility of Defendant under the Agreement and at law.

16. Specifically, despite due demands for payment by Plaintiffs, Defendant has refused to pay for damages in the amount of $374,656.54, exclusive of interest, cost and/or attorneys' fees.

17. Plaintiffs sue on their own behalf and as agents and trustees on behalf of any other party who may now have or hereinafter acquire an interest in this action.

18. All conditions precedent required of plaintiff and of all other parties interested in the aforesaid shipment have been performed.

42/3888

WHEREFORE, Plaintiffs pray:

(A)  That judgment be entered in favor of Plaintiffs and against Defendant in excess of $374,656.54, as well as interest, costs and attorneys fees; and

(B)  For any and further relief as the Court may deem just and proper.

Dated: New York, NY
September 14, 2009

Respectfully submitted,
MAHONEY & KEANE LLP.
Attorneys for Plaintiff,
Compañía Sud Americana de Vapores S.A.
and CSAV Agency North America

By: _____
Edward A. Keane
11 Hanover Square, Tenth Floor
New York, NY 10005
(212) 385-1422
File No. 42/3888