UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

COMPANIA SUD AMERICANA DE
VAPORES S.A. and CSAV AGENCY
NORTH AMERICA,

                Plaintiff,

  -against-

GLOBAL TERMINAL & CONTAINER
SERVICES, LLC,

                Defendants.
------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11 JUN 2010

09 Civ. 7890 (PAC)

MEMORANDUM
OPINION & ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiffs Compania Sud Americana de Vapores S.A. and CSAV Agency North America bring this maritime action seeking to recover damages suffered as a result of Defendant Global Terminal & Container Services deficient performance of a stevedoring contract. A vessel chartered by Plaintiffs was allegedly damaged by Defendant while it was being unloaded in Port Elizabeth, New Jersey. Plaintiffs claim they are entitled to recover hire charges and fuel costs incurred while the vessel was being repaired.

    Defendant moves to dismiss the Complaint for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or in the alternative, for a more definite statement under Rule 12(e). Defendant argues, among other things, that the Complaint is so vague and conclusory that it fails to satisfy the pleading requirements of Rule 8, as interpreted by Bell Atlantic Corp. v. Tombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937 (2009).

    To avoid dismissal, a complaint must allege facts sufficient "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. While the complaint need

not include "detailed factual allegations," Twombly 550 U.S. at 544, Rule 8 demands more than bare, "the defendant-unlawfully-harmed-me accusation[s]." Iqbal, 129 S. Ct. 19 1949. "A pleading that offers 'labels and conclusions' or 'a formalistic recitation of the elements of a cause of action will not do." Id. at 1949 (quoting Towmbly, 550 U.S. at 555).

The Complaint here falls far short of satisfying the "plausibility" requirement of Twombly and Iqbal. Indeed, it is a paradigmatic example of "the defendant-unlawfully-harmed-me" pleading. The Complaint is less than four pages long, contains eighteen paragraphs, and consists almost exclusively of legal conclusions. There are no explicit claims and it is unclear whether Plaintiff seeks recovery in contract or tort, or both. Instead, the Complaint simply states that Plaintiffs were injured by Defendant's "breach of the Agreement, negligence, fault, willful misconduct, etc." (Compl. ¶ 13-14.) Plaintiffs fail to explain how the Defendant breached the stevedoring agreement or the nature of Defendant's "negligence, fault, willful misconduct, etc." There is no indication of the damage caused to the vessel or how long the vessel was delayed in port as a result.

Defendant's motion to dismiss is GRANTED with leave to replead. The Court accordingly does not reach Defendant's request for a more definite statement. Should they wish to do so, Plaintiffs may file an amended complaint by July 12, 2010. The Clerk is directed to close the motion at docket number 7.

Dated: New York, New York
June 11, 2010

SO ORDERD

*[signature]*

PAUL A. CROTTY
United States District Judge

2