UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

COMPANIA SUD AMERICANA DE
VAPORES S.A. and CSAV AGENCY
NORTH AMERICA,

         Plaintiff,

 -against-

GLOBAL TERMINAL & CONTAINER
SERVICES, LLC,

         Defendant.

------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10-23-13

09 Civ. 7890 (PAC)

OPINION AND ORDER

HONORABLE PAUL A. CROTTY, United States District Judge:

On July 21, 2010, Compañía Sud Americana de Vapores S.A. and CSAV Agency North America (collectively, "CSAV") filed its First Amended Complaint against Defendant Global Terminal & Container Services, LLC ("Global") asserting claims for negligence, breach of contract, and breach of the warranty of workmanlike service, relating to deficient performance of a stevedoring contract. On March 14, 2012, this Court denied Global's motion for summary judgment and granted CSAV's cross motion for summary judgment in the amount of $424,543.71. Pursuant to the parties' contract, this Court also granted CSAV's request for costs and reasonable attorney's fees. On April 15, 2013, CSAV filed a motion to enforce the judgment seeking $75,191.68 in attorney's fees.

## BACKGROUND

The Court presumes familiarity with the facts, as set forth in *Compañía Sud Americana de Vapores S.A. v. Global Terminal & Container Services, LLC*, No. 09 Civ. 7890, 2012 WL 4948128 (S.D.N.Y. Mar. 14, 2012). The grant of summary judgment for CSAV included "costs

1

and reasonable attorney's fees" pursuant to Section X(2) of the parties' stevedoring agreement. *Id.* at *4. The Clerk's Judgment was entered on March 15, 2012. Declaration of Garth S. Wolfson ("Wolfson Decl."), Ex. 1.

On March 23, 2012, Global appealed and the parties entered a Letter of Undertaking ("LOU"), where Global agreed "[i]n the event a final judgment or decree is entered after defendant's appeal in favor of plaintiff . . . to pay and satisfy $564,189.51 . . . together with the reasonable costs and attorney's fees of plaintiffs, together with interest thereon." Wolfson Decl., Ex. 2. On May 3, 2012, the parties stipulated to stay all proceedings to execute or enforce the judgment pending the outcome of Global's appeal and to accept the LOU as security for the stay. Wolfson Decl. ¶ 3, Ex. 2. On February 28, 2013, the Second Circuit affirmed this Court's decision. *See Compañia Sud Americana de Vapores S.A. v. Global Terminal & Container Services, LLC*, 509 Fed. Appx. 97 (2d Cir. 2013); Wolfson Decl., Ex. 3. Global subsequently agreed to pay CSAV $603,904.11 to cover the judgment and post-judgment interest, but refused to pay attorney's fees. Wolfson Decl. ¶ 6.

On March 28, 2013, the parties appeared for a pre-motion court conference. CSAV's counsel stated that it would accept less than the full amount of attorney's fees and this Court encouraged the parties to resolve the dispute. Failing settlement, however, the Court instructed CSAV to file a motion by April 15. On April 15, 2013, CSAV filed a motion to enforce the judgment as to attorney's fees in the amount of $75,191.68 and an invoice itemizing all fees and disbursements incurred in connection with this litigation. Wolfson Decl., Ex. 6. Global's sole contention in opposition is that CSAV's motion is untimely.

## DISCUSSION

Global's argument must be rejected. Federal Rule of Civil Procedure 54 "governs a case where attorneys' fees are ancillary relief for which a party must make a [post-judgment] motion to the court in order to recover." *Hanley v. Herrill Bowling Corp.*, No. 94 Civ. 4611, 1996 WL 79324, at *2 (S.D.N.Y. Feb. 23, 1996). Rule 54(d)'s time bar does not apply to fees recoverable as an element of damages pursuant to the terms of a contract. *See, e.g., Cumberland Farms, Inc. v. Lexico Enters., Inc.*, No. 10-cv-4658, 2012 WL 526716, at *10 (E.D.N.Y. Feb. 16, 2012); *Hanley*, 1996 WL 79324, at *2; *see also* Notes of Advisory Committee on Rules, 1993 Amendment, Fed. R. Civ. P. 54(d)(2)(A).

There is a distinction between a decision on liability for attorney's fees and a decision on the scope of those fees. The jury determines whether a party is owed attorney's fees, pursuant to a contract, and then the judge determines how much is owed. *See McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1313 (2d Cir. 1993) ("Following common practice, today we make law out of what was previously common sense: when a contract provides for an award of attorneys' fees, the jury is to decide at trial whether a party may recover such fees; if the jury decides that a party may recover attorneys' fees, then the judge is to determine a reasonable amount of fees."); *see also Schaefer v. Smigel*, No. 1:08 Civ. 6439, 2009 WL 174795, at *3 (Jan. 22, 2009) ("[T]he law in this Circuit is clear that, where a contract provides for an award of attorney's fees, the court rather than the jury determines the amount of that award."). Accordingly, "the amount of attorneys' fees, even when awarded under a contract, is a post-judgment matter collateral to a decision on the merits." *McGuire*, 1 F.3d at 1315.[1]

---

[1] Although the Second Circuit decided this case prior to the 1993 Amendments to Rule 54(d), nothing in the text of the rule or advisory notes alters the court's holding. *See* Notes of Advisory Committee on Rules, 1993 Amendment, Fed. R. Civ. P. 54(d)(2)(A) (explaining that Rule 54(d)(2)(A) does not apply to fees "sought under the terms of a

3

Here, CSAV sought attorney's fees pursuant to Section X(2) of the stevedoring agreement, which indemnified CSAV from any expenses that arose from Global's breach of the contract.[2] Had this case proceeded to trial, the jury would have determined whether CSAV was entitled to attorney's fees. *See Town of Poughkeepsie*, 221 Fed. Appx. at 62. Neither of the parties disputes this conclusion.

Instead, Global argues that CSAV was required to "prov[e] the *amount* of fees and costs it seeks as damages during the summary judgment phase of this matter" and that its failure to do so acts as a time bar. Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for an Amended And/Or Supplemental Judgment for Attorney's Fees and Costs ("Def.'s Opp'n Br.") at 1 (emphasis added). In granting summary judgment, this Court determined that there existed no genuine dispute of material fact that CSAV was entitled to damages, including reasonable attorney's fees. *Compañía Sud Americana de Vapores S.A.*, 2012 WL 4948128, at *4. "It would be unfair to deny that award merely because [CSAV] had decided, based on common practice and with no reason to do otherwise, to wait until after [summary judgment] to submit proof of the amount of attorney's fees." *See McGuire*, 1 F.3d at 1315-1316; *see also Malin Int'l Ship Repair & Drydock, Inc. v. M/V Seim Swordfish*, 611 F. Supp. 2d 627, 638 (E.D. La. 2009) ("It is disingenuous for [Defendant] to attempt to avoid its liability for [Plaintiff's] fees

---

contract . . . [because] such damages typically are to be claimed in a pleading and may involve issues to be resolved by a jury").

[2] Section X(2) provides that:
> Contractor [Global] shall indemnify and hold harmless each Carrier [CSAV] . . . from any and all losses, expenses, damages, demands and claims by any person in connection with or arising out of any . . . damage to any property, vessel, cargo, equipment, or the natural environment, sustained, as the result of Contractor's breach of this Agreement, negligence, fault and/or willful misconduct . . . . No limitation of liability or limitation of damages that may appear in Contractor's Terminal Tariff shall apply to this provision.

*Compañía Sud Americana de Vapores S.A.*, 2012 WL 4948128, at *3 (quoting February 25, 2011 Stipulation, Ex. A, Section X(2)).

based on a technicality, especially when it was well aware that the fee issue would be determined in part at trial and in part by post-trial motion.").

The cases cited by Global in opposition are wholly distinguishable from the present case. In each case, the moving party did not prove that it was entitled to fees prior to the judgment. *See, e.g., Lifespan Corp. v. New England Med. Ctr., Inc.*, No. 06-cv-421, 2011 WL 3841085, at *6 (D.R.I. Aug. 26, 2011) ("NEMC had its opportunity under Rule 54 to prove its attorney's fees at trial . . . . As a result, NEMC has lost its opportunity *to prove its entitlement* to attorney's fees, and none will be awarded." (emphasis added) (internal quotations omitted)); *Kraft Foods N. Am., Inc. v. Banner Eng'g & Sales, Inc.*, 446 F. Supp. 2d 551, 578 (E.D. Va. 2006) ("Kraft had its opportunity under Rule 54 to prove its attorney's fees at trial, and chose not to do so. . . . Consequently, Kraft has lost its opportunity *to prove its entitlement* to attorney's fees, and none will be awarded." (emphasis added)); *Pride Hyundai, Inc. v. Chrysler Fin. Co.*, 355 F. Supp. 2d 600, 605-06 (D.R.I. 2005) ("Because the attorneys' fees in this case were in the nature of damages, [Chrysler] had the burden of *proving at trial that it was contractually entitled* to those fees it sought in its counterclaim." (emphasis added)). In contrast, this Court held on summary judgment that CSAV was entitled to attorney's fees and left the question as to the amount of fees to post-judgment briefing.

Even if Rule 54(d) applied to post-judgment motions on the scope of attorney's fees, this Court has the discretion to extend the time for the moving party. *See* Fed. R. Civ. P. 54(d)(2)(B) (requiring that a motion be brought no later than fourteen days after entry of judgment "[u]nless a statute or court order provides otherwise"). To determine whether a party's neglect is excusable, courts consider: (1) the danger of prejudice to the other party, (2) the length of the delay and its potential impact on the proceedings, (3) the reason for the delay, and (4) whether

5

the movant acted in good faith. *See Tancredi v. Metro. Life Ins. Co.*, 378 F.3d 220, 228 (2d Cir. 2004).

Each of these factors favors a finding of excusable neglect. First, there is simply no danger of prejudice to Global. Global knew about CSAV's claim for attorney's fees since September 14, 2009 and—if there was uncertainty—this Court's March 14, 2012 judgment erased any doubt. Second, although the judgment was entered over a year and a half ago, this delay has little impact on any fee determination. CSAV has submitted detailed billing records, *see* Wolfson Decl., Ex. 6, and Global does not contest the reasonability of those fees. Third, this Court finds the reasons for CSAV's delay particularly compelling. Global appealed the entry of judgment within eight days, and the parties subsequently agreed to stay the issue of damages until after that appeal. *See* Wolfson Decl. ¶ 3, Ex. 2. CSAV should not be faulted for relying on this agreement. Furthermore, the Advisory Committee identified an appeal as one reason why a court may permit an extension of the time to submit a motion. *See Notes of Advisory Committee on Rules*, 1993 Amendment, Fed. R. Civ. P. 54(d)(2)(B) ("[T]he court . . . may effectively extend the period by permitting claims to be filed after resolution of [an] appeal."). Following the appeal, this Court urged CSAV and Global to resolve the dispute and therefore CSAV's subsequent delay was merely at this Court's request. Fourth, the circumstances indicate that CSAV acted in good faith throughout the post-judgment proceedings. In fact, at the March 28, 2013 court conference, CSAV described its offer to compromise on the amount so that the issue could be resolved without motion practice but Global refused. Therefore, this Court finds that CSAV has demonstrated excusable neglect.

Global does not contest the reasonability of the amount of fees requested by CSAV. Upon its own review, this Court finds no reason to doubt the reasonableness of the fees

requested. Any attorney who applies for attorney's fees "must document the application with contemporaneous time records . . . specify[ing], for each attorney, the date, the hours expended, and the nature of the work done." *N.Y.S. Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). The critical inquiry is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992). Here, CSAV submitted an invoice listing the date, lawyer, hours, cost, and description for all work performed. The highest rate charged was a modest $297.77 an hour, which is a reasonable hourly rate for a maritime attorney practicing in New York. *See GMD Shipyard Corp. v. Nacirema Env't Serv. Co.*, No. 11 Civ. 1631, 2012 WL 1890389, at *2 (S.D.N.Y. Mar. 13, 2012) (holding that a $300 rate per hour for a maritime attorney practicing in New York, Boston, and Providence was reasonable). Furthermore, CSAV only billed a total of 241 hours, which included the drafting of two complaints and briefings on a motion to dismiss, summary judgment, Second Circuit appeal, and the instant motion. As a result, this Court finds that the hourly rate and number of hours billed are entirely reasonable under the circumstances.

## CONCLUSION

Accordingly, this Court GRANTS Plaintiff's motion and orders Global to pay CSAV $75,191.68 in attorney's fees and costs.

Dated: New York, New York
       October 23, 2013

SO ORDERED

*Paul A. Crotty*
PAUL A. CROTTY
United States District Judge